## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| CHERYLYNN BARNHILL, | ) |
| Plaintiff, | ) |
| vs. | ) No.: 2:18-cv-2308 |
| U-HAUL CO. OF ILLINOIS, INC., | ) |
| Defendant. | ) |

### MOTION TO ENFORCE ARBITRATION DECISION AND FOR SUMMARY JUDGMENT

NOW COMES the Defendant, U-HAUL CO. OF ILLINOIS, INC., by and through its attorneys, **SANCHEZ DANIELS & HOFFMAN LLP**, and for its Motion to Enforce Arbitration Decision and for Summary Judgment, states as follows:

**I.   INTRODUCTION**

Pursuant to the arbitration agreement between the parties, this case was compelled to arbitration. Thereafter, summary judgment was awarded in favor of Defendant and against Plaintiff by the Arbitrator due to the untimeliness of Plaintiff's claim. Likewise, this Court should enforce the Arbitrator's decision and enter summary judgment in favor of the Defendant and against Plaintiff.

**II.   STATEMENT OF UNDISPUTED FACTS**

1. On May 3, 2019, this Court granted Defendant's motion to compel arbitration. (**ECF No. 17**.)

2. On or about June 22, 2020, Plaintiff submitted her notice to demand arbitration. (A copy of the Demand for Arbitration is attached as **Exhibit A**.)

3. On January 4, 2021, after being fully briefed by both parties and upon conference hearing, Arbitrator Gilbert found that U-Haul made a sufficient showing that its motion to dismiss was likely to dispose of the issues in the case. Furthermore, Arbitrator Gilbert noted that in treating Defendant's motion as one for summary judgment, U-Haul's motion was granted and Plaintiff's demand for arbitration was dismissed with prejudice. (A copy of the Decision of Arbitrator Gilbert is attached as **Exhibit B**.)

### III. ARGUMENT

#### A. Standard of Review.

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A material fact is one that might affect the outcome of the suit. *Insolia v. Philip Morris, Inc.,* 216 F.3d 596, 598–99 (7th Cir.2000). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986). Where a proposed statement of fact is supported by the record and not adequately rebutted, a court will accept that statement as true for purposes of summary judgment; an adequate rebuttal requires a citation to specific support in the record. *Drake v. Minnesota Mining & Mfg. Co.,* 134 F.3d 878, 887 (7th Cir.1998). This Court must then determine whether there is a need for trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

B.   **The Arbitrator's Decision In Favor of U-Haul Should Be Enforced and Summary Judgment Entered In Favor of U-Haul and Against Plaintiff As There Are No Genuine Factual Issues To Be Resolved.**

In support of enforcement of arbitrator decisions, the Seventh Circuit has stated, "We have no power to substitute our judgment for that of the arbitrator on the merits." *International Association Of Machinists, Dist. No. 8 v. Campbell Soup Co.,* 406 F.2d 1223, 1227 (7th Cir.1969), *cert. denied,* 396 U.S. 820 (1969). Furthermore, "[j]udicial review of arbitration awards is extremely limited, and the merits of the arbitrator's decision will not be reviewed." *United Steel, Paper & Forestry, Mfg., Energy, Allied Indus. And Serv. Workers Int'l Union v. PPG Indus., Inc.*, No. 09-2306, 2012 WL 12876539, at *4 (C.D. Ill. Sept. 27, 2012), *aff'd sub nom. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. PPG Indus., Inc.*, 751 F.3d 580 (7th Cir. 2014), *citing Prate Installations, Inc. v. Chicago Regional Council of Carpenters*, 607 F.3d 467, 470 (7th Cir. 2003) (citations omitted). "The arbitrator ... is behind the driver's wheel of interpretation, not the court. Great deference is paid to an arbitrator's construction and interpretation of an agreement." *Dexter Axle Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. 90, Lodge 1315*, 418 F.3d 762, 768 (7th Cir. 2005). In fact, "[w]ith few exceptions, as long as the arbitrator does not exceed this delegated authority, [the] award will be enforced." *Butler Mfg. Co. v. United Steelworkers of America, AFL–CIO–CLC*, 336 F.3d 629, 632 (7th Cir. 2003).

Moreover, procedural questions arising out of the dispute and bearing on its final disposition are not for the judge, but for the arbitrator to decide.  It is presumed the arbitrator should decide allegations of waiver and delay.  *See BG Group plc v. Republic of Argentina,* 572 U.S. 25, 134 S.Ct. 1198, 1206–07, 188 L.Ed.2d 220 (2014); *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 85–86, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002); *Employers Ins. Co. of Wausau*

*v. Century Indem. Co.,* 443 F.3d 573, 577 (7th Cir.2006). Therefore, whether the Plaintiff's notice of arbitration was time-barred was a decision properly reserved for the arbitrator in this case. *Id*. The Federal Court should not substitute its judgment as to the timeliness of the Plaintiff's claim for that of Arbitrator Gilbert. *Id.*

Here, while Arbitrator Gilbert found that Plaintiff's charge was timely, he found based on the evidence that her demand for Arbitration was untimely. Hence, the Arbitrator granted Defendant's Motion to Dismiss Plaintiff's Demand for Arbitration and dismissed Plaintiff demand for arbitration with prejudice. As such, this Court enforce that decision and enter summary judgment in favor of the Defendant and against Plaintiff in this case. *Butler Mfg. Co.*, 336 F.3d at 632.

WHEREFORE, Defendant, U-HAUL CO. OF ILLINOIS, INC., respectfully requests that its motion be granted, that Summary Judgment be entered in favor of Defendant and against Plaintiff, and for any further relief to which Defendant may be justly entitled.

Respectfully submitted,

By: /s/Heather D. Erickson
    One of the Attorneys for Defendant,
    **U-HAUL CO. OF ILLINOIS, INC.**

Heather D. Erickson (#6269711)
Meghan D. White (#6324839)
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorneys for Defendant,
U-HAUL CO. OF ILLINOIS, INC.
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
T. (312) 641-1555
F: (312) 641-3004
E: herickson@sanchezdh.com
   mwhite@sanchezdh.com

**CERTIFICATE OF SERVICE**

I certify that on February 3, 2021, the foregoing was electronically filed with the Clerk of the Court using the CMECF System and a copy of the same was sent via electronic mail and regular mail to Plaintiff and that this statement as set forth is true and correct.

Ms. Cherylynn Barnhill<br>
P.O. Box 17324<br>
Urbana, Illinois 61803<br>
cherylmon33@yahoo.com<br>
cherylmon33@gmail.com

/s/Heather D. Erickson