**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| CHERYLYNN BARNHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 2:18-cv-2308 |
| ) | |
| U-HAUL CO. OF ILLINOIS, INC., ) | |
| ) | |
| Defendant. ) | |

# EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| CHERYLYNN BARNHILL ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | No.  01-20- 0007-2775 |
| ) | |
| ) | |
| U-HAUL CO. OF ILLINOIS, INC. ) | |
| ) | |
| Respondent ) | |

**DECISION ON RESPONDENT'S MOTION TO DISMISS**

**INTRODUCTION**

After being discharged from employment with U-Haul Co. of Illinois, Inc. ("U-Haul") on August 15, 2016, Cherylynn Barnhill ("Barnhill") brought employment discrimination charges against U-Haul. U-Haul has moved to dismiss her claims which, as explained below, are now before this Arbitrator. For the reasons set forth below, U-Haul's motion is granted and Barnhill's claims are, therefore, dismissed.

**STATEMENT OF FACTS**

Barnhill was first employed by U-Haul on June 23, 2014 as a customer service representative. Complaint at Law, Respondent's Exhibit ("Resp. Ex.") C, ¶ 9. She alleges that, in June 2015, she complained to U-Haul that the assistant general manager at the location at which she worked had directed a racial slur at here. *Id.* ¶ 10. In February of 2016, U-Haul promoted Barnhill to assistant general manager. *Id.* ¶ 11. On or before May of 2016, she notified U-Haul that she was pregnant. *Id.* ¶ 12. On May 30, 2016, U-Haul demoted Barnhill to customer service representative and, on August 15, 2016, she was discharged from employment with U-Haul. *Id.* ¶¶ 14, 15.

On March 14, 2017, which was 210 days after her discharge and 288 days after her demotion, Barnhill filed a charge with the Illinois Department of Human Rights ("IDHR") alleging race and sex discrimination and retaliation. Resp. Ex. A. The IDHR charge was cross filed with the United States Equal Employment Opportunity Commission ("EEOC") which received it on March 17, 2017. *Id.* On August 28, 2018, the EEOC sent Barnhill a letter advising her that it had conducted an investigation of her charge and that, in their judgment, the evidence gathered was unlikely to support a charge of discrimination. Claimant's Exhibits ("Cl. Exs."). On September 11, 2018, the EEOC issued, and Barnhill received, a dismissal of Barnhill's charge and notified her that she had 90 days after receipt of the letter to file a lawsuit. Resp. Ex. B; Resp. Ex. C, Cmplt. ¶ 5; Cl. Exs.; *see* 42 U.S.C. § 2000e–5(f)(1) (Title VII action must be brought within 90 days of the claimant's notification of her right to sue). The notice said that, "[y]our **lawsuit** must be filed within 90 days of your receipt of this notice or your right to sue based on this charge will be lost." Resp. Ex. B (emphasis added; other emphasis deleted). Thus, the notice specifically told Barnhill that she could file a "lawsuit" without telling her that she may, instead, be obligated to demand arbitration. Since Barnhill alleges that she received the 90-day right-to-sue notice on September 11, 2018, she had until December 10, 2018 to file an action.

Barnhill filed an action in the United States District Court for the Central District of Illinois under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") on December 6, 2018, thus within the 90-day filing period. Resp. Ex. C. Though she was apparently acting *pro se* throughout the EEOC/IDHR proceedings, she was represented by counsel in filing the complaint but, as confirmed by a review of the court docket, on February 19, 2019, her attorney filed a motion to withdraw as counsel in the litigation and, on February 21, 2019, Magistrate Judge Eric I. Long

granted that motion. Thereafter, Barnhill acted *pro se* throughout the litigation.[1]

U-Haul moved to dismiss Barnhill's suit or, in the alternative, to stay the proceedings and compel arbitration. In an Order issued on May 2, 2019 ("Order"), Judge Colin Bruce granted U-Haul's motion by staying the acting pending arbitration. Resp. Ex. E. The parties reported on the status of the case to Magistrate Judge Long who issued an order on January 29, 2020, at which time, Barnhill had still not filed a demand for arbitration. Resp. Ex. G. On June 22, 2020, 417 days after Judge Bruce stayed the lawsuit, Barnhill filed an arbitration demand with the American Arbitration Association ("AAA"). Resp. Ex. F. In response, U-Haul filed a Motion to Dismiss Claimant's Demand for Arbitration as Time-Barred ("Motion"). The parties then briefed the motion.

## DECISION

**I.    Standard of Review**

U-Haul characterizes its Motion as one to dismiss. The AAA Employment Arbitration Rules and Mediation Procedures ("Rules") do not expressly provide for motions to dismiss. But Rule 19 does permit me to allow the filing of a dispositive motion if I determine that the moving party has made a sufficient showing that its motion is likely to dispose of, or at least narrow, the issues in the case. For the reasons set forth below, I find that U-Haul has made that showing and, moreover, that Barnhill's arbitration should be dismissed.

---

[1] In her exhibits, Barnhill included a decision on a claim for unemployment insurance issued by an administrative law judge acting for the Illinois Department of Employment Security. That decision shows that Barnhill was represented by counsel in the unemployment insurance hearing. But none of the EEOC/IDHR documents reflect that either the attorney who represented Barnhill in the unemployment insurance hearings, nor any other attorney, represented Barnhill in the EEOC/IDHR proceedings.

Both motions to dismiss and summary judgment motions are dispositive motions. To apply the proper standard of review, however, I have to determine whether U-Haul's motion is properly characterized as a motion to dismiss or a motion for summary judgment. A motion to dismiss typically tests only the adequacy of the complaint. Accordingly, motions that rely on evidence outside the pleadings, should be treated as motions for summary judgment. Fed. R. Civ. P. 12(d); *see e.g., Rutherford v. Judge & Dolph, Ltd.,* 707 F.3d 710, 713-14 (7th Cir. 2013). Both U-Haul and Barnhill rely on evidence that is outside the pleadings such as the arbitration agreement ("Arbitration Agreement") that Barnhill allegedly signed and parts of the records in the EEOC and the federal district court. Accordingly, it is proper to treat U-Haul's motion as a motion for summary judgment rather than a motion to dismiss. *Rutherford,* 707 F.3d at 713-14.

A party is entitled to summary judgment "without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Fed. R. Civ. P. 56(a); 735 ILCS (c); *Home Star Bank & Fin. Servs. v. Emergency Care & Health Org., Ltd.*, __ Ill2d. __, 2014 IL 115526 at 22, 6 N.E.3d 128, 1346; *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1016 (N.D. Ill. 2018). Summary judgment should, therefore, be granted when "the nonmovant's evidence is insufficient to avoid judgment as a matter of law." *Rivera*, 319 F. Supp. 3d at 1016; *Jiotis v. Burr Ridge Park Dist.*, 2014 IL App (2d) 121293, at 25,4 N.E.3d 514, 523; *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (interpreting F. R. Civ. P. 56); *Department of Financial & Professional Regulation v. Walgreen Co.*, 2012 IL App (2d) 110452, ¶ 22, 970 N.E.2d 552, (recognizing similar interpretation applies under section 2-1005 (c); *Pecora v. County of Cook*, 323 Ill. App. 3d 917, 934, 752 N.E.2d 532 (same). "Where the record taken as a whole could not lead a rational trier of fact

to find for the nonmoving party, there is no 'genuine issue for trial.'" *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 52, 594 N.E.2d 1344, 1352 (Ill. App. 1992), quoting *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When considering a motion for summary decision, an arbitrator should not weigh evidence, make credibility determinations, or decide the truth of any contested, material factual assertions. *See Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Quality Transp. Servs. v. Mark Thompson Trucking, Inc.*, 2017 IL App (3d) 160761 P. 24, 90 N.E.3d 485, 490 (2017). Furthermore, an arbitrator should not draw inferences from even uncontested facts unless only one inference is reasonable. *See e.g.*, *Manahan v. Daily News-Tribune*, 50 Ill.App.3d 9, 12, 365 N.E.2d 1045, 1048 (1977).

## II.     Timeliness of Charge

On March 14, 2017, when Barnhill filed her IDHR charge, complainants had 180 days to file such a charge with the IDHR. 775 ILCS 5/7A-102(a) (eff. July 13, 2014 to Sept. 7, 2017).[2] Since Barnhill filed her charge on August 15, 2016, which was 210 days after her discharge and 288 days after her demotion. U-Haul argues that she filed her charge too late.

Section 706(e) of Title VII also provides that a complainant must file a charge within 180 days after the alleged act of employment discrimination, 42 U.S.C. § 2000e-5(e)(1), but that time limit is extended to 300 days if a complainant files a charge in a so-called "deferral state," which is a state with a statute that grants it the authority to grant relief from the unlawful employment practice. *Id.* In deferral states, however, a charge is not deemed filed with the EEOC before the

---

[2] The statute was amended in 2018 to provide 300 days for filing a charge with the IDHR, but the amendment did not become effective until June 8, 2018, after Barnhill filed her charge. 2018 P.A. 100-588, § 30,

expiration of 60 days after the state proceedings commenced, or the date the state agency terminates its proceedings, whichever is sooner. *Id.* § 5(c); *see Mohasco Corporation v. Silver*, 447 U.S. 807, 816-27 (1980).

"The 180-day EEOC filing period applies 'except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ***with authority to grant or seek relief from such practice***, . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred.'" *Gilardi v. Schroeder*, 833 F.2d 1226, 1230 (7th Cir. 1987) (emphasis added), quoting 42 U.S.C. § 2000e-5(e). U-Haul relies on *O'Young v. Hobart Corp.*, 579 F. Supp. 418 (N.D. Ill. 1983), which, like some other cases, holds that when a complainant filed an untimely charge in the state or local agency, such an agency no longer has "authority to grant or seek relief from such practice," and therefore, the complainant "is not entitled to the benefit of the extended 300 day filing period." *O'Young*, 579 F. Supp. at 421; *see also*, *Lowell v. Glidden-Durkee, Div. Of SCM Corp.*, 529 F.Supp. 17 (N.D. Ill. 1981) (same).

But the Supreme Court has held that employment discrimination charges need not be timely filed with the state to be deemed timely filed with the EEOC. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1978) (age discrimination claim); *Mohasco Corporation v. Silver*, 447 U.S. 807, 816-27 (1980). Moreover, after the district courts issued the decisions on which U-Haul relies, the Court of Appeals for the Seventh Circuit joined five other federal circuit courts in holding that "the 300-day filing period under Title VII is available to deferral state residents who file complaints with state agencies more than 180 days after the alleged discrimination." *Gilardi v. Schroeder*, 833 F.2d 1226, 1230-31 (7th Cir. 1987). The United States Supreme Court then resolved any dispute by also holding

6

that complainants who file discrimination charges that are untimely under state law are entitled to Title VII's extended 300-day filing period. *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 122-25 (1988). Nor does it matter that Barnhill filed her charge with the EEOC and the IDHR. Although Title VII requires a complainant to institute proceedings with the state agency, 42 U.S.C. § 2000e-5(e), the EEOC refers all charges that are filed with the EEOC to the appropriate state agency. *See* 29 C.F.R. § 1601.13. The Supreme Court has held that the statutory prerequisite for referral to a state agency is met when the EEOC refers the charges to a state agency on the complainant's behalf. *Love v. Pullman* Co., 404 U.S. 522 (1972); *see also Gilardi*, 833 F.2d at 1230-31 (same). Accordingly, even before Illinois' statute was amended, Barnhill had 300 days from the date of the allegedly unlawful employment conduct to file her charge with the EEOC.

Barnhill alleges that she was unlawfully demoted on May 30, 2016 and unlawfully discharged on August 15, 2016. She filed her charge on March 14, 2017. There were, therefore, 288 days between Barnhill's demotion - and 211 days between her discharge - and the charge filing date. Accordingly, as to both her demotion and her discharge claims, Barnhill filed her EEOC charge within 300 days of the allegedly unlawful conduct.[3] However, in a deferral state such as Illinois, a charge is not deemed filed with the EEOC before the expiration of 60 days after the state proceedings commenced, or the date the state agency terminates its proceedings, whichever is sooner. 42 U.S.C. § 2000e-5(c); *Mohasco*, 447 U.S. at 816-27. Barnhill's charge alleging that her discharge was unlawful would have been referred back to the EEOC from the IDHR, and therefore

---

[3] The EEOC received the charge on March 17, 2017. Using that date, there were 291 days between Barnhill's demotion - and 214 days between her discharge - and the charge filing date. It makes no difference which date is used since the charge was filed within the 300-day periods in any event.

filed with the EEOC, within 300 days even if it remained pending at the IDHR for the full 60 days. That is, even allowing for the 60 day referral, Barnhill had 240 day from her discharge on August 15, 2016, or until April 12, 2017, to file a charge contesting her discharge. Since she filed her charge by March 14, 2017, the charge was timely for challenging her discharge.

However, there was not sufficient time for referral of Barnhill's demotion charge to the IDHR for 60 days. That is, allowing for the 60 day referral, Barnhill had 240 days from her demotion on May 30, 2016, or until January 25, 2017, to file a charge contesting her demotion. Since she filed her charge on March 14, 2017, the charge was not timely for challenging her demotion unless the IDHR terminated its proceedings sufficiently before the 60-day deferral period. In *EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988), however, the Supreme Court recognized that states often have worksharing agreements with the EEOC under which states waive the 60-day deferral period, and it held that when states waive the deferral period pursuant to a worksharing agreement, that "terminates" the proceedings within the meaning of 42 U.S.C. § 2000e-5(c). *EEOC v. Commercial Office Products Co.*, 486 U.S. at 114-125; *id.*, at 125-26 (O'Connor concurring). In *Hong v. Children's Memorial Hosp.*, 936 F.2d 967 (7th Cir. 1991), the Seventh Circuit held that Illinois' worksharing agreement contained a prearranged waiver of the deferral period that terminated proceedings in the IDHR immediately upon filing a charge with the EEOC that was beyond the 180-day limitations period for filing in the IDHR.

*Hong* might be distinguished on the ground that, unlike Hong, Barnhill filed her charge in the EEOC. Furthermore, it is unclear whether or when the IDHR sent EEOC notice that it had terminated its proceedings which might leave it unclear as to whether the termination occurred within the 300-day period for filing with the EEOC. However, in *Marlowe v. Bottarelli*, 938 F.2d

8

807 (7th Cir. 1991), the Seventh Circuit held that the Illinois worksharing agreement was self-executing such that a charge filed with the EEOC on the 299th day after the allegedly discriminatory conduct automatically terminated a deferral to the IDHR making the charge timely filed within 300 days at the EEOC.

U-Haul has not offered any evidence that Illinois' worksharing agreement operates any differently now than it did when *Marlowe* was decided. Accordingly, when Barnhill filed her charge 288 and 211 days after her demotion and discharge, respectively, she was within the 300-day period for filing a charge (as to both the demotion and the discharge) with the EEOC in a deferral state such as Illinois, and the IDHR immediately terminated its proceedings by the operation of the worksharing agreement. Accordingly, Barnhill's EEOC charge was filed timely as to both her demotion and her discharge.

### III. Timeliness of Notice of Arbitration

Barnhill had until December 10, 2018 to file an action after she received the 90-day right-to-sue letter on September 11, 2018. Resp. Ex. B; Cl. Exs. She filed an action in federal district court within that time, but U-Haul argues that Barnhill's arbitration action should be dismissed because she was subject to the Arbitration Agreement, and she did not file a demand for arbitration until June 22, 2020, long after expiration of the 90-day right-to-sue period.

The time requirements for filing discrimination claims can sometimes be equitably tolled when a plaintiff files a timely action but in the wrong forum. *See e.g.*, *Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1003-1004 (7th Cir. 1988). However, the doctrine of equitable tolling is a narrow exception to the obligation to file a timely action, lest it undermine limitations requirements altogether. *See e.g., Wang v. Palmisano*, 157 F.Supp.3d 306, 320 (S.D.N.Y. 2016). The plaintiff

must meet the burden of showing that extraordinary circumstances prevented her from filing the claim in the proper forum, and that she acted with reasonable diligence in filing in the proper forum once she learned of her mistake. *Id.* citing *Parada v. Banco Indus. De Venez., C.A.*, 753 F.3d 62, 70 (2d Cir. 2014). That a plaintiff is *pro se* does not, of itself, show extraordinary circumstances, *id.*, 157 F.Supp.3d at 321, citing *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir. 2000), and, in any event, Barnhill was represented by counsel when she filed the district court complaint. Nor is the mere fact that Barnhill filed in the wrong forum sufficient to invoke equitable tolling. *Id.*, 157 F.Supp.3d at 322; *see also Hagan v. Katz Communs., Inc.*, 200 F.Supp.3d 435, 445 (S.D.N.Y 2016) (Title VII action).

However, the EEOC notified Barnhill that "[y]our **lawsuit** must be filed within 90 days of your receipt of this notice or your right to sue based on this charge will be lost," without notifying her that she may be obligated to file an arbitration demand instead of a lawsuit. That might constitute extraordinary circumstances entitling a *pro se* plaintiff to invoke the doctrine of equitable tolling. But Barnhill was not acting *pro se* when she filed the district court complaint. Furthermore, by 2018, when Barnhill's suit was filed, the Supreme Court, the Seventh Circuit (which governs cases in Illinois), and most other jurisdictions had made it clear that discrimination cases were subject to arbitration clauses. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (age discrimination claim subject to arbitration clause); *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 364-65 (7th Cir. 1999) (Title VII; collecting authorities). Accordingly, there is no basis on this record for holding that extraordinary circumstances prevented Barnhill from demanding arbitration within the 90-day period for commencing an action after receipt of the right-to-sue letter.

Moreover, even if Barnhill could show that extraordinary circumstances prevented her from proceeding in the proper forum in the first place, Judge Bruce issued his Order staying Barnhill's federal court action pending arbitration on May 2, 2019. At that point, Barnhill knew that she had to take her claim to arbitration rather than to district court. Yet she had not done so 272 days later, on January 29, 2020, when Magistrate Judge Long issued an order in which he described in detail how to proceed in the AAA. Even then, Barnhill did not file with the AAA until June 22, 2020, 417 days after Judge Bruce stayed the lawsuit. Given that a plaintiff has only 90 days to file an action after receipt of a right-to-sue letter, it is hard to imagine circumstances in which a diligent plaintiff would not file for arbitration within at least 90 days after her suit in federal district court was stayed pending arbitration. Accordingly, Barnhill has not shown that she acted diligently in demanding arbitration after Judge Bruce stayed her lawsuit. *See Hagan*, 200 F.Supp.3d at 445 (delay of nearly a year was not reasonably diligent); *Wang*, 157 F.Supp.3d at 323-24 (at least eight months delay in filing in proper forum displayed lack of reasonable diligence).

IV.    **U-Haul's Arbitration Agreement is Binding on Barnhill**

Barnhill argues that she "never signed this alleged agreement. . . ." Resp. at 1. In his Order, however, in deciding that the case should be arbitrated, Judge Bruce held that Barnhill, "in her Response, does not contest [U-Haul's] assertion that she signed the arbitration agreement, and that the agreement is valid and binding, and would cover the claims she raised in her Complaint. Thus, [Barnhill] has conceded that the arbitration agreement is valid, binding, and enforceable." Resp. Ex. E at 4.

When a court stays its proceedings pending arbitration, absent a contrary agreement by the parties, the court, not the arbitrator, decides whether the case is arbitrable. *Howsam v. Dean Witter*

11

*Reynolds, Inc.*, 537 U.S. 79, 83-86 (2002); *see Cerna v. Prestress Servs. Indus. LLC*, 2011 U.S. Dist. LEXIS* 9 53527 (N.D. IL) (Title VII).  Nothing in U-Haul's Arbitration Agreement suggests that the question of arbitrability is to be decided by the arbitrator as opposed to a court.  Resp. Ex. D.  Accordingly, Judge Bruce's decision that the Arbitration Agreement is valid is now binding on me.

      Furthermore, even if Judge Bruce's ruling was not binding, his decision on that question is now the law of the case which means that there is a presumption that Judge Bruce's ruling will be adhered to throughout the litigation.  *CERAbio, LLC v. Wright Med. Tech., Inc.*, 2006 U.S. Dist. LEXIS 11510, *26-27, citing *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (other citations omitted).  I see no basis for refusing to abide by that presumption even if doing so was an option open to me.  Indeed, though Barnhill asserts that she never signed the Arbitration Agreement, U-Haul has produced a copy showing her electronic signature.  Resp. Ex. D; *see* 5 ILCS 175/5-105 (electronic signatures are valid in Illinois).  U-Haul' Arbitration Agreement emphasizes that the employee's "decision to accept employment or to continue employment with U-Haul Co. of Illinois, Inc. constitutes your agreement to be bound by the [Arbitration Agreement]." Resp. Ex. D (language emphasized in original).  The Illinois Supreme Court has held that, even if an employee does not sign an arbitration agreement or understand it, continuing her employment constitutes sufficient consideration to bind the employee to an arbitration agreement.  *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135; 847 N.E.2d 99 (2006).

      Judge Bruce's decision that the Arbitration Agreement is valid and enforceable is binding on me.  In any event, I would adhere to it as the law of the case and, beyond that, by remaining employed with U-Haul, Barnhill bound herself to the arbitration policy.  Accordingly, Barnhill is bound by the arbitration agreement.

**V.     U-Haul Did Not Waive its Arbitration Agreement**

Barnhill also argues that U-Haul waived its right to compel arbitration because it delayed in presenting the Arbitration Agreement as a defense to her claim. In his Order, however, Judge Bruce held that U-Haul had not expressly, or by its conduct, waived the right to arbitrate. Resp. Ex. E at 5-13. In *Howsam*, the Court suggested that waiver was an issue to be decided by the arbitrator, not a court. 537 U.S. at 84. Subsequently, however, courts have concluded that the *Howsam* Court was only considering waiver as among defenses that arise "from non-compliance with contractual conditions precedent to arbitration." *Cerna v. Prestress Servs. Indus. LLC*, 2011 U.S. Dist. LEXIS 53527 *10; 2011 WL 1884547 (N.D. IL), citing *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 (3rd Cir. 2007); *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008) (*Howsam* did not disturb the traditional rule that the court decides questions of waiver through litigation conduct); *Marie v. Allied Home Mortgage*, 402 F.3d 1, 13-14 (1st Cir. 2005) (same). In *Cerna*, Magistrate Judge Cosbey concluded that "Post-*Howsam*, the Seventh Circuit Court of Appeals has continued to decide questions of waiver through litigation conduct without referring the issue to the arbitrator." 2011 U.S. Dist. LEXIS 53527 *11, citing *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561-62 (7th Cir. 2008); *R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs*, 422 F.3d 522, 527 (7th Cir. 2005); *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 726-27 (7th Cir. 2004).

It was, therefore, proper for Judge Bruce to decide whether U-Haul waived its right to arbitration by its litigation conduct. Therefore, like the question of whether the Arbitration Agreement is valid and enforceable, Judge Bruce's decision that U-Haul did not waive its right to arbitration is binding on me. Also, like the question of whether the Arbitration Agreement is valid

and enforceable, I would adhere to Judge Bruce's decision that U-Haul had not waived its right to arbitrate as the law of the case in any event. Furthermore, Judge Bruce found that U-Haul moved to compel arbitration just 22 days after it was served with Barnhill's district court complaint, in a motion that was U-Haul's first substantive response to Barnhill's suit. Resp. Ex. E at 7. Based on those facts, Judge Bruce concluded that U-Haul had not waived its right to arbitrate by its litigation conduct. *Id.* at 7-9. That is compelling confirmation that U-Haul did not delay in presenting the Arbitration Agreement.

As she does in this arbitration, however, Barnhill argued in the federal district court that U-Haul waived its right to arbitrate by not raising the Arbitration Agreement in the EEOC administrative proceedings prior to the litigation. But Judge Bruce concluded that the waiver question is measured by how soon a defendant moves to compel compliance with an arbitration agreement after commencement of judicial proceedings, not the EEOC administrative proceedings. *Id.* at 12-13. Judge Bruce's analysis is confirmed by U-Haul's Arbitration Agreement which expressly provides that "[t]he arbitration process is limited to disputes, claims or controversies that *a court of law* would be authorized to entertain or would have jurisdiction over to grant relief . . . ." Resp. Ex. D at 2 (emphasis added).[4]   Accordingly, even if I were not bound by Judge Bruce's

---

[4] In this forum, Barnhill argues that U-Haul should have raised the Arbitration Agreement in an administrative law judge's hearing on her claim for unemployment insurance that was heard on October 5, 2016. Since U-Haul's Arbitration Agreement applies only to judicial proceedings, not administrative proceedings, the Arbitration Agreement would have had no relevance in the unemployment insurance hearing. Also, unemployment insurance is paid from taxes collected by the state which, therefore, has an interest in the payment of benefits. *See* 820 ILCS 405/1506.1. Accordingly, no private agreement between an employer and employee could divest the state from conducting its own hearings to decide on the receipt of unemployment insurance. Thus, not only for the reasons Judge Bruce identified, but because of the nature of unemployment insurance, the administrative law judge's unemployment insurance hearing was not a forum in which U-Haul would have had any reason to raise its Arbitration Agreement.

decision that U-Haul has not waived its right to arbitration, and even if I did not adhere to his decision based on the law of the case doctrine, I would do so because his decision is firmly based in the applicable law.

## CONCLUSION

Pursuant to the AAA's Rule 19, I find that U-Haul has made a sufficient showing that its motion to dismiss is likely to dispose of the issues in this case.  Furthermore, treating that motion as one for summary judgment under Rule 19, U-Haul's motion is granted and Barnhill's demand for arbitration is, therefore, dismissed with prejudice.


DATED: January 4, 2021

                                                    /s/ Jeffrey B. Gilbert
                                                         Arbitrator

Jeffrey B. Gilbert
JOHNSON, JONES, SNELLING,
    & GILBERT, P.C.
325 N. LaSalle St., Suite 350
Chicago, IL  60654
(312) 578-8100
jgilbert@jjsgd.com