## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| CHERYLYNN BARNHILL, )<br>)<br>Claimant, )<br>)<br>vs. )<br>)<br>U-HAUL CO. OF ILLINOIS, INC., )<br>)<br>Respondent. ) | Case Number: 01-20-0007-2775 |

### ANSWER TO DEMAND FOR ARBITRATION AND REQUEST FOR DISMISSAL BY RESPONDENT

NOW COMES the Respondent, U-HAUL CO. OF ILLINOIS, INC., by and through its attorneys, **SANCHEZ DANIELS & HOFFMAN LLP**, and for its Answer to Claimant's Claims, states as follows:

### I. ANSWER TO CLAIMANT'S DEMAND FOR ARBITRATION

1. I was wrongfully terminated, wasnt given the reason until the unemployment hearing (I won ).

    **ANSWER:** Respondent denies the allegations contained in Paragraph 1.

2. I was a target first for being what they called the last of the "Ceds" and second because I contacted the EEOC after I was called a "Black Bitch" by my superior.

    **ANSWER:** Respondent denies the allegations in Paragraph 2 and specifically denies that that Claimant was "a target" or that Respondent retaliated against Claimant for contacting the EEOC.

3. I was the only female Assistant General Manager to add to that I was the only black female Assistant in my region.

    **ANSWER:** Respondent denies the allegations contained in Paragraph 3.

4. I was demoted for getting pregnant, and replaced by a white male, when my baby died my position was not given back.

    **ANSWER:** Respondent admits that a white male held the position of Assistant Manager subsequent to Claimant's termination. Further answering, Respondent denies any and all remaining allegations contained in Paragraph 4.

5. my civil rights as well as human rights were violated in regards to my race, gender, and pregnancy.

   **ANSWER:** **Respondent denies the allegations contained in Paragraph 5 and specifically denies that it violated Claimant's civil rights and/or human rights, and further denies that it discriminated or retaliated against Claimant based upon her race, gender, sex, pregnancy or any other discriminatory or retaliatory basis.**

6. Arbitration is now being used as what I believe a tool to stall or a weapon, I do not recall ever signing any such document and anyone can electronically sign with typed initials, Arbitration was only brought up after my case was filed in federal court, there was no participation from U-Haul or their lawyers for two years while the EEOC was doing its investigation and gave me the right to sue.

   **ANSWER:** **Respondent denies the allegations contained in Paragraph 6. Further answering, the United States District Court of the Central District of Illinois had granted Respondent's Motion to Compel Arbitration based upon a valid, enforceable arbitration agreement and that Claimant's employment claims are subject to the arbitration agreement.**

WHEREFORE, Respondent, U-HAUL CO. OF ILLINOIS, INC. denies that the Claimant is entitled to the relief requested.

### AFFIRMATIVE DEFENSES

NOW COMES the Respondent, U-HAUL CO. OF ILLINOIS, INC., by and through its attorneys, **SANCHEZ DANIELS & HOFFMAN LLP**, and states for its Affirmative Defenses to Claimant's Claims, in the alternative and without prejudice to the denials contained in its Answer, as follows:

### FIRST AFFIRMATIVE DEFENSE

Under the American Arbitration Association Rules, Claimant was to "file a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations." Claimant failed to file written notice of her

2

intention to arbitrate within the applicable statute of limitations. As such, Claimant's claims are time-barred and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Claimant's Demand for Arbitration, and each purported claim contained therein, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Respondent's actions in demoting Claimant, not returning Claimant to Assistant General Manager, and termination of Claimant were not based on race, sex, gender, or pregnancy and were taken for legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Claimant cannot establish a *prima facie* claim necessary to recover under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. 2000e et. seq., or 42 U.S.C. § 1983.

### FIFTH AFFIRMATIVE DEFENSE

Claimant's Demand for Arbitration, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Claimant's employment and the position in question were made by Respondent for legitimate, non-discriminatory, non-pretextual reasons.

### SIXTH AFFIRMATIVE DEFENSE

Even if Claimant could establish a *prima facie* claim, which Respondent continues to deny, Claimant cannot establish that Respondent's legitimate, non-discriminatory reasons for its actions were a pretext for discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Claimant is estopped from pursuing the claims alleged in the Demand for Arbitration by reason of the Claimant's own actions and course of conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Claimant has waived her right, if any, to pursue the claims alleged in the Demand for Arbitration by reason of her own actions and course of conduct.

### NINTH AFFIRMATIVE DEFENSE

Claimant's Demand for Arbitration, and each purported claim contained therein, is barred, in whole or in part, by the Claimant's failure to mitigate, or reasonably attempt to mitigate, her damages.

### TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against is barred because the alleged acts or omissions of Respondent do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, willful or wanton conduct, and do not otherwise entitle Claimant to punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Claimant's claims, to the extent they state claims that entitle Plaintiff to relief, are subject to applicable damages caps or limitations.

WHEREFORE, the Defendant, U-HAUL CO. OF ILLINOIS, INC., prays that the Claimant be barred from recovering any damages whatsoever, Claimant's Demand for Arbitration, and each claim alleged therein, be dismissed with prejudice and without costs, judgment be entered in favor of the Respondent and against Claimant, and for any other relief deemed just and proper.

Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN LLP**

By: /s/ Heather D. Erickson
    Heather D. Erickson
    Meghan D. White
    **SANCHEZ DANIELS & HOFFMAN LLP**
    Attorneys for Respondent
    333 West Wacker Drive, Suite 500
    Chicago, Illinois 60606
    T: (312) 641-1555 - F: (312) 641-3004
    E: herickson@sanchezdh.com
       mwhite@sanchezdh.com